UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
PAUL I. KROHN, ESQ., as Chapter 7 Trustee of :
DRAKE BUSINESS SCHOOLS CORPORATION, :
THE BRONX SCHOOL FOR QUALITY :
EDUCATION, INC. and NEW YORK SCHOOL :
FOR QUALITY EDUCATION, INC., :
:
                     Plaintiff, :
:  Case No. 06 CV 4916 (BMC)
                     v. :
:
MARY ANN LAWLOR, FAYE JOYCE, :
CHERYL PAGNOZZI, DAVID ROSENBLUM, :
JOHN K. DISTLER, ROGER MCCLANAHAN, :
SUE MARCUS, THOMAS E. HULL, :
JOHN KETTLE, and BASIL KATSAMAKIS, :
:
                     Defendants. :
:
-----------------------------------------------------------X

## ORDER
## (1) APPROVING SETTLEMENT AGREEMENT AMONG CHAPTER 7 TRUSTEE, PAUL KROHN, AND CERTAIN DIRECTORS AND OFFICERS OF THE DEBTORS, AND DIRECTORS' AND OFFICERS' LIABILITY INSURANCE CARRIER, (2) AND ENJOINING CLAIMS

Upon the joint Motion of Paul I. Krohn (the "Trustee"), the duly appointed Chapter 7 trustee in the above-captioned bankruptcy case of Drake Business Schools Corporation, The Bronx School For Quality Education, Inc. and New York School For Quality Education, Inc. (collectively, the "Debtors"), and Defendants Lawlor, Joyce, Pagnozzi, Rosenblum, Distler, McClanahan, Marcus, Hull, Kettle and Katsamakis, for an order (1) Approving the Release and Settlement Agreement among the Chapter 7 Trustee and Directors' and Officers' Liability Insurance Carrier Illinois National Insurance Company dated as of September 7, 2007 (the

"Settlement Agreement"); and (2) Enjoining certain claims; and sufficient cause appearing for the relief sought in the Motion, it is:

**HEREBY FOUND AND DETERMINED**, that:

## JURISDICTION, VENUE AND STANDING

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334 and this Court's Order granting the Motion to Withdraw the Reference to the Bankruptcy Court for the Eastern District of New York dated December 21, 2006.

2. Venue of this case is proper under 28 U.S.C. §1408 and 1409.

3. The Trustee is the duly appointed and qualified Chapter 7 trustee in Debtors' bankruptcy cases and has standing to consummate the Settlement Agreement and the transactions contemplated thereby.

## FINDINGS OF FACT

4. Prior to the commencement of the bankruptcy cases, the Board of Directors for the Debtors obtained from Illinois National Insurance Company ( the "D&O Insurer") and paid the required premiums for a Directors' and Officers' Liability Insurance Policy, policy No. 348-72-84 (the "D&O Policy") on September 11, 2003.

5. Debtors filed voluntary petitions under Chapter 7 of the Bankruptcy Code on June 3, 2004. By order dated July 22, 2004, the Bankruptcy Court approved the joint administration of the Chapter 7 cases.

6. In June 2006, the Trustee commenced an action, which is currently pending in the United States District Court for the Eastern District of New York, entitled Krohn v. Lawlor, et al., 06 Civ 04916 (BMC) (the "Directors Action"), in which it sued the Debtors' former officers and directors (together, the "D&O Defendants"), as well as a separate action entitled Krohn v.

Spielman, Koenigsberg & Parker, et al., 06 Civ 05196 (BMC) (the "Auditors Action"), in which it sued the Debtors' former auditors, Spielman, Koenigsberg & Parker LLP and Alex Kleyman CPA (the "Auditors"). On January 26, 2007, this Court consolidated the Directors Action and the Auditors Action for purposes of discovery.

7. After extensive negotiations, the Trustee, the D&O Defendants, and the D&O Insurer have agreed to settle the Directors Action as against the D&O Defendants on the terms and conditions set forth the Settlement Agreement.

8. On May 18, 2007, Trustee and the D&O Defendants submitted a Settlement Motion to this Court, having previously submitted a settlement agreement, dated April 2, 2007, to the Bankruptcy Court for review pursuant to Bankruptcy Rule 9019. On August 3, 2007, the Bankruptcy Court preliminarily approved the Settlement Motion. On August 3, 2007, this Court expressed concerns about the scope of the proposed bar order accompanying the Settlement Motion and instructed the Parties to modify the scope of that bar order. The Parties subsequently agreed on a modified form of the Settlement Agreement, which was submitted to this Court on September 7, 2007.

9. As of the date of the Settlement Agreement, the D&O Insurer has paid or has requests for payment of defense costs or expects requests for payment in the Directors Action in excess of $200,000 of the $1 million aggregate policy limit. The D&O Insurer and the Trustee estimate that, for the duration of the litigation that is being compromised and settled through the Settlement Agreement, were it not to be settled at this time, defense costs would likely accrue to more than $1 million.

10. The Settlement Agreement provides, among other things, that (1) the D&O Insurer, on behalf of the D&O Defendants, will make a $575,000 cash payment to or for the

3

benefit of the Trustee (the "Settlement Amount"); (2) the Directors Action will be compromised and settled; (3) the Trustee will set aside $25,000 of the Settlement Amount for the payment of legal fees for the representation of various of the D&O Defendants in third-party discovery in connection with the Auditors Action, and any other related actions; and (4) the Settling Parties will release each other to the extent set forth therein.

11. The Settlement Agreement is conditioned upon the entry of final order of this Court, that, among other things, (a) absolutely and unconditionally bars future claims by the Auditors in the Auditor Action, any settling party, and all creditors of the Debtors that have received notice of the Settlement Motion (each, a "Barred Party") for indemnification or contribution against each of the D&O Defendants arising from his or her acts or omissions in the capacity of officer or director of the Debtors; (b) bars the depositions of the D&O Defendants other than Lawlor, Katsamakis, and Kettle in the Auditors Action unless after notice and a hearing, good cause is shown for the taking of any such additional depositions; (c) provides, pursuant to the Bankruptcy Code, relief to the Auditors, to the extent the order bars all contribution claims, counterclaims, cross-claims or third-party claims they could assert as against the D&O Defendants in the Auditors Action or in any other proceeding, by recognizing their rights under N.Y. General Obligations Law §15-108 and other legal principles to the extent applicable; and (d) bars all claims against the D&O Insurer by any Barred Party, and permanently enjoins all Barred Parties from taking such actions..

12. In accordance with New York General Obligations Law Sec. 15-108, the Trustee agrees to reduce any judgment or arbitration award obtained against any defendant in the Auditor Action or any other action in which a Barred Party would have had legally cognizable reimbursement, contribution, indemnification or subrogation claims against a D&O Defendant,

such that any judgment obtained by the Trustee against any of the Auditors shall be reduced by the greater of (a) $575,000.00, or (b) an amount that corresponds to the percentage of responsibility of the Settling Defendants, as determined at trial.

13. The consideration to be received by the Trustee in exchange for the global satisfaction of claims of the Debtors' estate against the D&O Defendants is above the lowest point of reasonableness and appropriate under the circumstances. The Settlement Agreement is fair and equitable, and approval thereof is in the best interest of the Debtors' estate.

14. The injunctive relief sought in aid of the Settlement Agreement is narrowly tailored to prevent third parties from interfering with, depleting and adversely affecting the value of property of the Debtors' estate. Enjoining the Debtors' unsecured creditors and Auditors from commencing suit against the D&O Defendants is appropriate and necessary in order for the Trustee to marshal, liquidate and maximize the value of Debtors' assets for the benefit of its creditors.

**UPON THE FOREGOING DETERMINATIONS, IT IS HEREBY**

ORDERED, that the Settlement Agreement and each of the compromises, settlements and transactions embodied therein or contemplated thereby are approved to the extent provided for herein; and it is further

ORDERED, that the Trustee is vested with the authority to consummate the Settlement Agreement and to bind the Debtors' estate and its respective successors and assigns, to the compromises and settlements embodied therein and contemplated thereby; and it is further

ORDERED, that subject to the payment by the D&O Insurer of the full Settlement Amount as contemplated hereby and in the Settlement Agreement, the Directors Action shall be deemed dismissed with prejudice as against the D&O Defendants; and it is further

ORDERED, that the Auditors, the Settling Parties, and the creditors who have received notice of the Settlement Motion, and parties in interest of the Debtors, shall be and are hereby permanently enjoined and absolutely and unconditionally barred from asserting or continuing to assert any claims against any of the D&O Defendants arising out of his or her acts or omissions in the capacity as director or officer of the Debtors or otherwise; and it is further

ORDERED, that other than Lawlor, Katsamakis, and Kettle no other D&O Defendants shall be deposed in the Auditors Action unless after notice and a hearing good cause is shown for the taking of such additional depositions; and it is further

ORDERED, that on or within (five) business days after payment of the Settlement Amount, the Trustee shall segregate $25,000 from the proceeds of the Settlement Amount to pay for any and all legal expenses incurred in the representations of the D&O Defendants in discovery in the Auditors Action, and any other related actions; and if no discovery is taken or if the legal costs incurred in that representation of the D&O Defendants are less than the total amount of the segregated funds, the Trustee shall be authorized to disburse the segregated funds to the Debtors' estate; and it is further

ORDERED that the Trustee is hereby authorized, empowered and directed to pay legal fees for discovery as per the Settlement Agreement; and it is further

ORDERED that the Trustee is hereby authorized, empowered and directed to consummate the Settlement Agreement in accordance with the terms of this Order, the Settlement Motion and the Settlement Agreement; and it is further

ORDERED, that other than expressly provided for herein, nothing in this Order or elsewhere is intended to or shall alter, impair, or otherwise prejudice the respective rights, claims and defenses of the Debtors' estate and the Auditors in the Auditors Action; and it is further

ORDERED, that this Order shall be binding upon and inure to the benefit of the Debtors' estate, the Trustee, the D&O Defendants, and the D&O Insurer and their respective successors and assigns; and it is further

ORDERED, that this Court shall retain jurisdiction to determine any matter arising from or related to the interpretation, implementation, or enforcement of this Order and the Settlement Agreement.

Dated: Brooklyn, New York
       September 10, 2007

                                              s/Brian M. Cogan
                                          Honorable Brian M. Cogan
                                          U.S.D.J.

Reviewed and approved:

**DLA PIPER US LLP**
/s/ Joshua S. Sohn, Esq. (JS-4110)
Joseph G. Finnerty III, Esq. (JF-4315)
**DLA Piper US LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500

*Attorneys for Defendants Mary Ann Lawlor,*
*Faye Joyce, Cheryl Pagnozzi, David Rosenblum,*
*Roger B. McClanahan, Sue Marcus, John Kettle and*
*Basil Katsamakis*


/s/ J. Ted Donovan (JTD 1343)
**Finkel Goldstein Rosenbloom & Nash LLP**
26 Broadway
Suite 711
New York, NY 10004
Tel: (212) 344-2929
Fax: (212) 422-6836

*Attorneys for Trustee Paul I. Krohn*